IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES JOHNSON, JR.,                    )
                                       )
                    Plaintiff,         )
                                       )       CIVIL ACTION
v.                                     )
                                       )       No. 14-2293-JWL
CAROLYN W. COLVIN,                     )
Acting Commissioner of Social Security,)
                                       )
                    Defendant.         )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI)[1] benefits under sections 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 1381a and 1382c(a)(3)(A) (hereinafter the Act).  Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

## I.      Background

Plaintiff applied for SSI, alleging disability beginning September 28, 2011.  (R. 10, 166-74).  He exhausted proceedings before the Commissioner, and now seeks judicial

---

[1] At the hearing, Plaintiff withdrew his Title II application for Disability Insurance benefits and amended his onset date to September 28, 2011.  (R. 26).

review of the final decision denying benefits. Plaintiff claims the Administrative Law Judge (ALJ) erred in adopting the medical opinion of Dr. Smith regarding Plaintiff's ability to stand, walk, and sit, but later rejecting the vocational expert's (hereinafter VE) testimony that a person with such limitations would be unable to perform any of the jobs provided in the VE testimony.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

## II.    Discussion

Plaintiff points out that Dr. Smith is a physician who examined Plaintiff at the

request of the Social Security Administration and provided a report of that examination in

which he opined that Plaintiff could stand no more than four hours, walk no more than

two hours and sit no more than two hours.  (Pl. Br. 12) (citing R. 350).  He argues that the

ALJ adopted Dr. Smith's standing and walking limitations and accorded great weight to

the medical opinion of Dr. Timmerman, the state agency physician who provided an RFC

opinion at the reconsideration level finding that Plaintiff is able to perform sitting and

standing and/or walking consistent with medium level work.  Id.  Plaintiff acknowledges

that the ALJ found that the sitting and standing and/or walking limitations opined by Dr.

Smith are consistent with the requirements of medium exertion and that the VE testified

that there is work in the economy that such a hypothetical individual would be able to

perform.  But he argues that when he proposed a hypothetical limiting such a claimant to

only four hours standing, two hours walking, and two hours sitting in an eight-hour

workday, the VE testified that the jobs to which he earlier testified would not be available

and that more than ninety percent of all medium exertion jobs would not be available.

(Pl. Br. 12).  He argues that in these circumstances it was error for the ALJ to find that the representative jobs testified by the VE are available to a claimant such as Plaintiff, that Plaintiff must be restricted to a limited range of light work, and because of his age he must be found disabled.  Id. 12-13.

The Commissioner argues that the ALJ properly determined that Dr. Smith's sitting and standing and/or walking limitations are consistent with the requirements of medium exertion, and that it was not error for the ALJ to reject Plaintiff's hypothetical limiting himself to sitting and standing and/or walking to particular amounts of time "at a time."  (Comm'r Br. 15).  She argues that the ALJ was not required to accept the additional limitations proposed in Plaintiff's hypothetical questioning of the VE.  Id.

## A.    The ALJ's Findings

The ALJ accorded "partial weight" to Dr. Smith's opinion, expressing it in the terms used by Dr. Smith--that standing more than four hours at a time, walking more than two hours at a time, and lifting more than sixty to seventy pounds would be difficult for Plaintiff.  (R. 19) (citing Ex. 11F/5, R. 350).  He explained his reason for according only partial weight was because Dr. Smith overstated Plaintiff's ability to lift, but that his opinion regarding Plaintiff's "ability to walk and/or stand is consistent with the residual functional capacity when totaled to equal six hours of standing and/or walking per day."  (R. 19).  The ALJ also accorded "great weight" to the medical opinion of Dr. Timmerman that Plaintiff could perform a range of medium work, explaining that the RFC assessed by Dr. Timmerman is reasonable and is supported by Plaintiff's lack of ongoing treatment

and the minimal objective findings.  (R. 19) (citing Ex. 8A, R. 77-93).  The ALJ also assessed Plaintiff with the RFC to perform a range of medium work.  (R. 15).

**B.**  **Analysis**

Plaintiff's allegation of error is based on an erroneous understanding of Dr. Smith's medical opinion, and an attempt to apply that erroneous understanding to the VE testimony and the facts of this case.  That erroneous understanding cannot support a finding of error in the Commissioner's decision.

Plaintiff asserts that "Dr. Cameron Smith opined . . . that Mr. Johnson would be limited to standing no more than four hours and walking no more than two hours.  The remaining two hours of the day, Mr. Johnson could be sitting."  (Pl. Br. 12) (citing R. 350) (citations omitted).  Plaintiff asserts that "Dr. Timmerman concurred" with Dr. Smith's opinion, and implies through joint citation to Dr. Smith's report and Dr. Timmerman's report that both physicians opined that Plaintiff could stand no more than four hours in a day, could walk no more than two hours in a day, and could sit the remaining two hours of a workday.  Id. (citing R. 87-89, 350).  To untangle this conflated argument, the court will consider each report separately, beginning with Dr. Smith's report.

In relevant part, Dr. Smith's report states:  "I do not find any objective evidence to limit [Mr. Johnson's] ability to sit or perform traditional range of motion maneuvers.  Because of his gunshot wound to the left hip, I believe that standing more than 4 hours at a time, walking more than 2 hours at a time, or lifting and carrying more than 60-70

6

pounds would be difficult for him." (R. 350). Dr. Smith provided no opinion regarding limits on Plaintiff's ability to sit, in fact his statement that he found no objective evidence to limit Plaintiff's ability to sit suggests that he was of the opinion that Plaintiff's sitting ability is unlimited. Moreover, Dr. Smith did not find that Plaintiff is "limited to standing no more than four hours and walking no more than two hours" in a day--as suggested in Plaintiff's brief. Rather, Dr. Smith is of the opinion that Plaintiff cannot stand "more than 4 hours <u>at a time</u>," and cannot walk "more than 2 hours <u>at a time</u>." (R. 350) (emphases added). The natural inference from this formulation is not that Plaintiff cannot stand more than 4 hours in a day and cannot walk more than 2 hours in a day, but that assuming the stated limitations are met and that Plaintiff is given breaks from standing and walking, he may be able to perform greater amounts of each total within a workday. There is simply no evidentiary basis for Plaintiff's argument that "Dr. Cameron Smith opined . . . that Mr. Johnson would be limited to standing no more than four hours and walking no more than two hours. The remaining two hours of the day, Mr. Johnson could be sitting." (Pl. Br. 12).

Dr. Timmerman's report will not support Plaintiff's argument either. Plaintiff asserts that Dr. Timmerman concurred with Dr. Smith's opinion. Contrary to Plaintiff's assertion, Dr. Timmerman specifically explained that he only gave "some weight" to Dr. Smith's opinion, "but the restriction regarding limiting [Plaintiff's] ability to sit and perform traditional ROM maneuvers, standing more than 4 hours at a time and walking more than 2 hours at a time is not consistent with the evidence." (R. 87). Moreover, Dr.

7

Timmerman specifically opined that with normal breaks in an eight-hour workday Plaintiff can stand and/or walk about six hours total, and can sit about six hours total. (R. 87). And, medium exertion includes the ability to stand and/or walk or to sit about six hours each in an eight-hour workday.

Plaintiff's understanding of Dr. Smith's and Dr. Timmerman's opinions is erroneous, but the ALJ's findings regarding those opinions, as noted above, are supported by the record evidence. Moreover, the ALJ's finding that Dr. Smith's opinion that Plaintiff's "ability to walk and/or stand is consistent with the residual functional capacity when totaled to equal six hours of standing and/or walking per day" (R. 19) is a reasonable understanding of that opinion as explained by the court above. The natural inference from Dr. Smith's opinion is that assuming his limitations are met and Plaintiff is given breaks from standing and walking, Plaintiff may be able to perform greater amounts of each within a workday providing the ability to walk and/or stand about six hours total, and to sit about six hours total in a workday. Moreover, when considered in conjunction with the ALJ's determination to accord great weight to Dr. Timmerman's opinion that Plaintiff can sit about six hours in a workday and can stand and/or walk about six hours in a workday, the record evidence is more than adequate to support the ALJ's determination with regard to Plaintiff's sitting, and standing and/or walking abilities.

The scenario presented by Plaintiff's counsel to the VE at the hearing was for a hypothetical claimant who "could only stand for four hours, could only walk for two hours, and the remaining time would have to be in a seated position." (R. 52). He asked

if based upon that hypothetical "would the three jobs that you gave still remain?" (R. 52). The expert responded, "No, they would not." (R. 52). Plaintiff argues that based upon the response to this hypothetical, and based upon the weight accorded to Dr. Smith's and Dr. Timmerman's opinions, the ALJ erred in finding that Plaintiff would be able to perform the representative jobs relied upon at step five in the decision. As the court determined above, contrary to Plaintiff's argument this hypothetical is not consistent with the opinions of either Dr. Smith or Dr. Timmerman. Therefore, the hypothetical has no basis in the evidentiary record in this case, and it would be error had the ALJ accepted the hypothetical and the VE's response to it. He did not, and there is no error.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 9th day of April 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**